# EXHIBIT A

Sent by: AUG. 4.2004 11:23AM;   3026531665  302 875 7541;   Aug-4-04  9:35AM;NO. 6587   PP. 89
Aug 03 2004 9:49AM   L. STEELE or R. WITSIL           3028550395              P.3

AUG-03-2003  16:24       TOWN OF DEWEY BEACH                    3022276164   P.03



# THE UNITED STATES DISTRTIC COURT FOR THE
# DISTRICT COURT OF DELAWARE

| | |
|---|---|
| THERESA CROTHER, | |
| GEORGE GREEN, | Jury Trial Demanded |
| GREGORY PARISE, | |
| MICHAEL WHETSTONE, | |
| v. | Civil Action No. |
| TOWN OF DEWEY BEACH, | |
| SAMUEL MACKERT, Acting Chief Dewey Beach Police Department | 04 - 913 |
| PATROLMAN ZACHARY PETTYJOHN, Dewey Beach Police Department | |
| PATROLMAN JOHN WHEATLEY, Dewey Beach Police Department | |

## COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES

### INTRODUCTION

This is a civil action based upon 42 U.S.C § 1983 and pendant state law claims for compensatory and punitive damages for assault and battery, the excessive and unreasonable use of force and physical brutality, false arrest, false imprisonment, malicious and retaliatory prosecution, and the intentional infliction of emotional distress.

### JURISDICTION AND VENUE

1. This is a civil action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988 for violations under color of law of rights secured to the plaintiffs by the

Sent AUG. 4. 2004 11:23AM;    3026531665 302 875 7641;    Aug-4-04  9:35AM;NO. 6587  PP. 99 p.4
Aug 03 2004 9:43AM    L. STEELE or R. WITSIL    3028550395

AUG-03-2003 16:24    TOWN OF DEWEY BEACH    3022276164    P.04

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.


RECEIVED
AUG 03 2004

2. This Court has personal jurisdiction over the individual defendants because they all work and/or reside within the State of Delaware and all of the acts serving as the basis for this Complaint occurred in Delaware. The Town of Dewey Beach is also located in Delaware and, thus, within the personal jurisdiction of this Court.

3. This Court, pursuant to 28 U.S.C. § 1343(a)(3) and § 1343(a)(4), has subject matter jurisdiction over these claims because they arise under the United States Constitution and under 42 U.S.C. §§ 1983 and 1988. Plaintiffs also invoke the pendant jurisdiction of this Court to decide the asserted state law claims.

4. This Court has venue over this matter pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Theresa Crowther, a plaintiff, is an adult and is a resident of Whiteford, Maryland.

6. George Green, a plaintiff, is an adult and is a resident of Oxford, Pennsylvania.

7. Gregory Parise, a plaintiff, is an adult and is a resident of Utica, New York, 19971.

8. Michael Whetstone, a plaintiff, is an adult and is a resident of Frankford, Delaware.

9. The Town of Dewey Beach, a Defendant, is and was at all times relevant to the incidents which are the subject of this lawsuit a municipal corporation charged

2

Sent AUG. 4. 2004 11:24AM;   3026531665  302 875 7541;   Aug-4-04  9:36AM;NO. 6587  PP. 10
Aug 03 2004 9:43AM   L. STEELE or R. WITSIL   3028550395   P.5

AUG-03-2003 16:25   TOWN OF DEWEY BEACH   3022276164   P.05

with and responsible for the operation and supervision of the Dewey Beach Police Department and its personnel.


RECEIVED
AUG 03 2004

10. Samuel Mackert, an adult defendant, was at all times relevant to the incidents which are the subject of this lawsuit, an acting Chief of the Dewey Beach Police Department. He is sued both individually and in his official capacity.

11. Zachary Pettyjohn, an adult defendant, is and was at times relevant to the incidents which are relevant to the subject of this lawsuit a Patrolman with the Dewey Beach Police Department. He is sued both individually and in his official capacity.

12. John Wheatley, an adult defendant, is and was at all times relevant to the incidents which are relevant to the subject of this lawsuit a Patrolman with the Dewey Beach Police Department. He is sued both individually and in his official capacity.

13. On July 12, 2003 at approximately 1:20 a.m., George Green and Theresa Crowther were together in Dewey Beach, Delaware. Both of them were issued citations for beach curfew by Patrolman Zachary Pettyjohn. While George Green and Theresa Crowther were walking away from their initial encounter with defendant Pettyjohn, he attempted to place both individuals under arrest with excessive force for no justifiable reason. The defendants were placed in handcuffs and detained by Dewey Beach Police Department. At no time during the events described above were Plaintiffs George Green or Theresa Crowther a threat to the safety of themselves or others nor had they committed any criminal offenses.

14. The Defendant Patrolman Zachary Pettyjohn had no warrant for the arrest of the Plaintiffs nor probable cause for the arrest of the Plaintiffs and had no legal cause

3

Sent AUG. 4. 2004 11:24AM   3026531665 302 875 7541;   Aug-4-04 9:36AM;NO. 6587 P.P. 11
L. STEELE or R. WITSIL   3028550395   p.6

AUG-03-2003 16:25   TOWN OF DEWEY BEACH   3022276164   P.06

RECEIVED
AUG 03 2004

or excuse to seize the person of the Plaintiffs and unlawfully use excessive force to place Plaintiffs under arrest

15. On August 29, 2003, at approximately 12:49 p.m., Michael Whetstone was arrested in Dewey Beach where he was taken to the Dewey Beach Police Department and detained. While in custody, Patrolman Zachary Pettyjohn, physically assaulted the Plaintiff for no reason.

16. At no time during the events described above was Plaintiff, Michael Whetstone, a threat to the safety of himself or others, or disorderly. There was no basis for Defendant, Patrolman Pettyjohn to have assaulted Plaintiff Michael Whetstone. Such use of force was unreasonable and excessive.

17. On June 28, 2003, Plaintiff Gregory Parise and another individual were walking on Dagsworthy Street in Dewey Beach, Delaware. Plaintiff was approached by Defendant Zachary Pettyjohn, defendant Patrolman John Wheatley and Patrolman Hitchens. The officers had asked to see identification of the Plaintiff and his friend. The Plaintiff, a police officer, continuously requested that the Defendants identify themselves which they failed to do. The Plaintiff requested that they be allowed to walk to a lighted parking area so they could speak to a uniformed police officer. The Plaintiff began to walk towards the lighted parking lot so that he could properly identify the individuals who were requesting the information. The Plaintiff was attacked by the defendants and placed under arrest with the assistance of numerous other officers. The Plaintiff was severally beaten and cap stunned even though he never represented a threat to the safety of himself or to others nor had committed any criminal offense. The officers had no warrant for the arrest for the Plaintiff or probable cause for the arrest of the Plaintiff

4

Sent AUG. 4. 2004 11:24AM;    3026531665 302 875 7541;    Aug-4-04 9:36AM NO. 6587  PP. 122/21
Aug 03 2004 9:43AM    L. STEELE or R. WITSIL    3028550395    p.7

AUG-03-2003 16:25    TOWN OF DEWEY BEACH    3022276164    P.07

RECEIVED
AUG 0 3 2004

and had no legal cause or excuse to seize and physically assault the Plaintiff. The Plaintiff was taken to the Justice of the Peace Court in Georgetown where he was eventually released on unsecured bond. At no time during the events, was the Plaintiff offered medical assistance for the injuries he received as a result of the beating from the Dewey Beach Police Officers.

18. As a direct and approximate result of all the acts of the Defendant officers as fully set forth in paragraphs 1 through 18, the Plaintiffs Theresa Crowther, George Green, Gregory Parise and Michael Whetstone suffered the following injuries and damages:

  A. Violation of there Constitutional Rights under the Fourteenth Amendments of the United States Constitution to be free from unreasonable search and seizure of their person;

  B. Loss of their physical liberties;

  C. Physical pain and suffering, emotional trauma and suffering, requiring the expenditure of money for treatment of injuries.

19. The actions of the Defendants set forth above violate the following clearly established and well settled Federal Constitutional Rights of the above-named Plaintiffs:

  A. Freedom from the unreasonable seizure of their person;

  B. Freedom from the use of excessive, unreasonable and unjustified force against their person.

5

Sent by: AUG. 4.2004 11:25AM;  3026531665  302 875 7541;  Aug-4-04  9:36AM;NO. 6587  PP. 13/21
Aug 03 2004 9:43AM  L. STEELE or R. WITSIL  3028550395  p.8

AUG-03-2003 16:25  TOWN OF DEWEY BEACH  3022276164  P.06

## COUNT I

## EXCESSIVE USE OF FORCE – POLICE BRUTALITY

## VIOLATION OF CONSTITUTIONAL RIGHTS



20. The brutal beating of and physical attacks on the Plaintiffs by Officer Pettyjohn and others with the Town of Dewey Beach was excessive, unreasonable, malicious, involved gross negligence, and was unrelated to any legitimate police function.

21. Defendant Pettyjohn was the primary perpetrator of all the attacks upon the Plaintiffs, and knew or should have known that the beating of and attacks on the Plaintiffs were excessive, unreasonable, malicious, and were unrelated to any legitimate police function, and failed to restrain himself or others with him to stop the brutal beatings upon the Plaintiffs.

22. Upon information and belief, Defendant Samuel Mackert and other individuals of the Town of Dewey Beach provided instructions to Pettyjohn to take steps which led directly to the excessive use of force against the Plaintiffs and which renders them liable for these actions.

23. The malicious, excessive, wholly unreasonable and unwarranted attacks on Ms. Crowther, Mr. Green, Mr. Parise and Mr. Whetstone by the defendants violated their rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

24. As the result of the defendants' brutality, each of the Plaintiffs suffered substantial physical injury, grave psychological injury, emotional distress, humiliation and financial loss.

6

Sent by: AUG. 4. 2004 11:25AM; 3026531665 302 875 7541; Aug-4-04 9:37AM;NO. 6587 P.P. 14/21
Aug 03 2004 9:44AM   L. STEELE or R. WITSIL   3028550395   P.9

AUG-03-2003 16:25   TOWN OF DEWEY BEACH   3022276164   P.09

RECEIVED
AUG 0 3 2004

## COUNT II

### EXCESSIVE USE OF FORCE – POLICE BRUTALITY

### COMMON LAW ASSAULT AND BATTERY

25. The brutal beating of and physical attacks on the Plaintiffs by Officer Pettyjohn and others was excessive, unreasonable, malicious, involved gross negligence and was unrelated to any legitimate police function.

26. The defendants' malicious, unreasonable, grossly negligent, unwarranted physical attack on each of the Plaintiffs constituted an unlawful assault and battery.

27. As a result of the defendants' brutality, each of the Plaintiffs suffered substantial physical injury, psychological injury, emotional distress, humiliation, and financial loss.

28. At all times defendants were acting within their scope of employment. Therefore, defendants Mackert and the Town of Dewey Beach are vicariously liable for these actions of these officers.

## COUNT III

### COMMON LAW FALSE ARREST

29. The arrest and the issuance of arrest warrants against each of the Plaintiffs on the counts charged was wholly without probable cause, was based upon false information provided by the defendant police officers, lacked any reasonable or lawful basis, and occurred despite the fact that the defendants knew or reasonably should have known that the Plaintiffs had not committed the crimes charged.

30. The Town of Dewey Beach and Chief Samuel Mackert knew or should have known what actually occurred between the Plaintiffs and the policemen. Upon

7

Sent AUG. 4. 2004 11:25AM;   3026531665  302 875 7541;   Aug-4-04  9:37AM;NO. 6587  PP. 15/21
Aug 03 2004 9:44AM   L. STEELE or R. WITSIL   3028550395   p. 10
AUG-03-2003  16:25   TOWN OF DEWEY BEACH   3022276164   P.10

RECEIVED
AUG 0 3 2004

information and belief, they not only acquiesced in those actions, they acted in concert with the defendant police officers to bring about the Plaintiffs' false arrest and retaliatory prosecution.

31. As a result of their false arrest, Plaintiffs were forced to spend time in custody, incur substantial legal expenses, humiliation, public embarrassment and extreme emotional distress. As a result of the wrongful issuance of arrest warrants against them, Plaintiffs were forced to incur substantial legal expenses, humiliation, public embarrassment and extreme emotional distress.

32. At all times defendants Pettyjohn, Mackert and Wheatley were acting within their scope of employment. Therefore, defendant Chief Mackert and the Town of Dewey Beach are vicariously liable for these actions of these officers.

## COUNT IV
## FALSE ARREST
## VIOLATION OF CONSTITUTIONAL RIGHTS

33. The arrest and the issuance of arrest warrants against each of the Plaintiffs on the counts charged was wholly without probable cause, was based upon false information provided by the defendant police officers, lacked any reasonable or lawful basis, and occurred despite the fact that the defendants knew or reasonably should have known that the Plaintiffs had not committed the crimes charged. These actions violated the Plaintiffs' rights protected by the First, Fourth and Fourteenth Amendments to the United States.

34. The Town of Dewey Beach and Chief Mackert knew, or should have known what actually occurred between the Plaintiffs and the policemen. Upon

8

information and belief, they not only acquiesced in those actions, they acted in concert with the defendant police officers at the various scenes to bring about the Plaintiffs' false arrest and retaliatory prosecution.

35. As a result of their false arrest, Plaintiffs were forced to spend time in custody, incur substantial legal expenses, humiliation, public embarrassment and extreme emotional distress. As a result of the wrongful issuance of arrest warrants against them, Plaintiffs were forced to incur substantial legal expenses, humiliation, public embarrassment and extreme emotional distress.

## COUNT V

## COMMON LAW MALICIOUS PROSECUTION

36. The prosecution initiated against each of the Plaintiffs through the direct actions of Defendants were ultimately dismissed in favor of each of the Plaintiffs, was brought without probable cause, and was brought with knowledge of the falsity of the allegations by the above noted defendants in retaliation against each of the Plaintiffs and to discourage or inhibit each of the Plaintiffs from filing a civil action. By their actions each of the above noted defendants acted with malice and with reckless disregard and indifference for the rights of the Plaintiffs.

37. The Town of Dewey Beach and Chief Mackert knew, or should have known what actually occurred between the Plaintiffs and the policemen. Upon information and belief, they not only acquiesced in those actions, they acted in concert with the defendant police officers to bring about the Plaintiffs' false arrest and retaliatory prosecution.

9

Sent AUG. 4. 2004 11:26AM;   3026531665  302 875 7541;   Aug-4-04 9:37AM;NO. 6587  PP. 17/21
Aug 03 2004 9:45AM   L. STEELE or R. WITSIL   3028550395   P. 12

AUG-03-2003 16:25   TOWN OF DEWEY BEACH   3022276164   P.12

RECEIVED
AUG 0 3 2004

38. As a result of their being subject to this malicious prosecution, Plaintiffs were forced to spend time in custody, incur substantial legal expenses, humiliation, public embarrassment and extreme emotional distress; Plaintiffs were forced to incur substantial legal expenses, humiliation, public embarrassment and extreme emotional distress.

39. At all times the defendants' were acting within their scope of employment. Therefore, Defendants Chief Mackert and the Town of Dewey Beach are vicariously liable for these actions of these officers.

## COUNT VI
## MALICIOUS PROSECUTION
## VIOLATION OF CONSTITUTIONAL RIGHTS

40. The prosecution initiated against each of the Plaintiffs through the direct actions of Defendants were ultimately dismissed in favor of each of the Plaintiffs, was brought without probable cause, and was brought with knowledge of the falsity of the allegations by the above noted defendants in retaliation against each of the Plaintiffs and to discourage or inhibit each of the Plaintiffs from filing a civil action. By their actions each of the above noted defendants acted with malice and with reckless disregard and indifference for the rights of the Plaintiffs. These actions violated the Plaintiffs' rights protected by the First, Fourth, Fifth and Fourteenth Amendments to the United States.

41. The Town and Chief knew, or should have known what actually occurred between the Plaintiffs and the policemen. Upon information and belief, they not only

AUG. 4.2004 11:26AM RKET; 3026531665   302 875 7541;   Aug-4-04 9:37AM;  NO. 6587  P. 18
Aug 03 2004 9:45AM   L. STEELE or R. WITSIL   3028550395  p.13

AUG-03-2003 16:26   TOWN OF DEWEY BEACH   3022276164   P.13

RECEIVED
AUG 03 2004

acquiesced in those actions, they acted in concert with the defendant police officers to bring about the Plaintiffs' false arrest and retaliatory prosecution.

42. As a result of their being subject to this malicious prosecution, Plaintiffs were forced to spend time in custody, incur substantial legal expenses, humiliation, public embarrassment and extreme emotional distress; Plaintiffs were forced to incur substantial legal expenses, humiliation, public embarrassment and extreme emotional distress.

## COUNT VII
### FAILURE TO TRAIN, SUPERVISE AND SELECT

43. Defendants Chief Mackert and Town of Dewey Beach were responsible for the selection of police officers for the Town of Dewey Beach and for the supervision and training of these officers with regard to the proper use of force. Defendants Chief Mackert and Town of Dewey Beach's supervision and training of these officers was so inadequate as to amount to negligence, gross negligence and the deliberate indifference to the rights of the Plaintiffs.

44. Defendant Chief Mackert and Town of Dewey Beach's failure to select, supervise, and train the defendant police officers was a cause of the excessive use of force by the defendants against the Plaintiffs and was a cause of the injuries the Plaintiffs suffered as a result of the excessive use of force against him.

45. The Town of Dewey Beach and Chief Samuel Mackert each has responsibility to take the steps necessary to provide its police officers with proper training and supervision with regard to the proper use of force. Dewey Beach's failure to

11

Sent by: AUG. 4. 2004 11:27AM; 3026531665  302 875 7541;  Aug-4-04  9:38AM NO. 6587  PP. 19 9/21
Aug 03 2004 9:46AM  L. STEELE or R. WITSIL  3028550395  p.14
AUG-03-2003 16:26  TOWN OF DEWEY BEACH  3022278164  P.14
RECEIVED AUG 03 2004

provide its police officers with adequate training and supervision was so egregious as to amount to the deliberate indifference to the rights of the Plaintiffs.

46. Dewey beach's failure to provide adequate supervision and training of the defendant police officers was a cause of the excessive use of by the defendants against the Plaintiffs and was a cause of the injuries the Plaintiffs suffered as a result of the excessive use of force against them.

## COUNT VIII

### FAILURE TO PROMULGATE LAWFUL POLICIES GOVERNING THE USE OF FORCE

47. Defendants Chief Mackert and Town of Dewey Beach are responsible for the promulgation of lawful policies and rules and guidelines to govern the training and supervision of police officers with regard to the use of force. They each failed to carry out these responsibilities and their failure to carry out these responsibilities amount to negligence, gross negligence and the deliberate indifference to the rights of the Plaintiffs.

48. Defendants Chief Mackert and Town of Dewey Beach's failure to carry out their responsibility to promulgate and enforce lawful policies and rules to govern the use of force was a cause of the excessive use of force by the defendants against the Plaintiffs and was a cause of the injuries the Plaintiffs suffered as a result of the excessive use of force against them.

49. The Town of Dewey Beach and Chief Mackert have responsibility for the promulgation of policies and rules and guidelines to govern the use of force by police officers. Chief Mackert and the Town of Dewey Beach failed to carry out these

responsibilities in a lawful manner and its failure to carry out these responsibilities amount to deliberate indifference of the rights of the Plaintiffs.

50. The Town of Dewey Beach and Chief Mackert's failure to carry out its responsibility to promulgate and enforce adequate policies and rules and guidelines to govern the use of force by police officers was a cause of the excessive use of force by the defendants against the Plaintiffs and was a cause of the injuries the Plaintiffs suffered as a result of the excessive use of force against them.

### RELIEF REQUESTED

WHEREFORE, the Plaintiffs request this Court to find the named defendants jointly and severally liable for their injuries and grant them the following relief:

A. Compensatory damages for each Plaintiff in an amount to be determined;

B. Punitive damages for each Plaintiff in an amount to be determined against all defendants except the Town of Dewey beach;

C. The costs of this action, including disbursements and reasonable attorneys fees; and

D. Such further relief as the Court may deem just and proper.

13

```
Sent By: INSURANCE MARKET;    3026531665           302 875 7541;        Aug-4-04  9:38AM;NO. 6587   PP. 2;1/21
      AUG. 4. 2004 11:27AM                                                                              p.16
      Aug 03 2004 9:46AM    L. STEELE or R. WITSIL    3028550395
```

AUG-03-2003 16:26            TOWN OF DEWEY BEACH                              3022275164    P.16

## DEMAND FOR JURY TRIAL

The Plaintiffs request a jury trial on all issues legally triable by a jury.

Respectfully submitted,

*(signature)*

James E. Liguori
Liguori, Morris & Yiengst
46 The Green
Dover, DE 19901
(302) 678-9900

Dated: 7/26/04

14

TOTAL P.16