**EXHIBIT B**

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

2004 SEP 27 PM 4:13

| | |
|---|---|
| THERESA CROTHER, GEORGE GREEN, GREGORY PARISE, MICHAEL WHETSTONE, | C.A. No. 04-913 (KAJ) |
| Plaintiffs, | TRIAL BY JURY OF TWELVE DEMANDED |
| v. | |
| TOWN OF DEWEY BEACH, SAMUEL MACKERT, PATROLMAN ZACHARY PETTYJOHN and PATROLMAN JOHN WHEATLEY, | |
| Defendants. | |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS, TOWN OF DEWEY BEACH, SAMUEL MACKERT, PATROLMAN ZACHARY PETTYJOHN AND PATROLMAN JOHN WHEATLEY, TO PLAINTIFFS' COMPLAINT**

1. Denied as a conclusion of law to which no response is required. However, if and to the extent a response is required, defendants deny that they committed any violations of any federal statutes or constitutional amendments.

2. Denied as a conclusion of law to which no response is required.

3. Denied as a conclusion of law to which no response is required.

4. Denied as a conclusion of law to which no response is required.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Admitted only that the Town of Dewey Beach is a municipal corporation. The remaining averments in paragraph 9 are denied.

10. Admitted that Samuel Mackert was acting Chief of the Dewey Beach Police Department on the dates of the occurrences alleged by plaintiffs. The remaining averments in paragraph 10 are denied.

11. Admitted that Zachary Pettyjohn was a Patrolman with the Dewey Beach Police Department at the time of the occurrences referenced in plaintiffs' Complaint. The remaining averments in paragraph 11 of plaintiffs' Complaint are denied.

12. Admitted that John Wheatley was a Patrolman with the Dewey Beach Police Department at the time of the occurrences referenced in plaintiffs' Complaint. The remaining averments in paragraph 11 of plaintiffs' Complaint are denied.

13. Admitted that George Green was issued a citation for beach curfew by Patrolman Zachary Pettyjohn on July 12, 2003. The remaining averments in paragraph 13 of plaintiff's Complaint are denied.

14. Denied.

15. Denied as stated.

16. Denied.

17. Denied.

18A. – 18C.  Denied.

19A. – 19B.  Denied.

## COUNT I

### EXCESSIVE USE OF FORCE – POLICE BRUTALITY
### VIOLATION OF CONSTITUTIONAL RIGHTS

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24.  Denied.

## COUNT II

## EXCESSIVE USE OF FORCE – POLICE BRUTALITY
## COMMON LAW ASSAULT AND BATTERY

25.  Denied.

26.  Denied.

27.  Denied.

28.  Denied.

## COUNT III

## COMMON LAW FALSE ARREST

29.  Denied.

30.  Denied.

31.  Denied.

32.  Denied.

## COUNT IV

## FALSE ARREST – VIOLATION OF CONSTITUTIONAL RIGHTS

33.  Denied.

34.  Denied.

35.  Denied.

## COUNT V

## COMMON LAW MALICIOUS PROSECUTION

36.  Denied.

37.  Denied.

38.  Denied.

39.  Denied.

## COUNT VI

## MALICIOUS PROSECUTION – VIOLATION OF CONSTITUTIONAL RIGHTS

40. Denied.

41. Denied.

42. Denied.

## COUNT VII

## FAILURE TO TRAIN, SUPERVISE AND SELECT

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT VIII

## FAILURE TO PROMULGATE LAWFUL POLICIES GOVERNING THE USE OF FORCE

47. Denied.

48. Denied.

49. Denied.

50. Denied.

WHEREFORE, defendants, Town of Dewey Beach, Samuel Mackert, Patrolman Zachary Pettyjohn and Patrolman John Wheatley, demand that plaintiffs' Complaint against them be dismissed with prejudice and that judgment be entered in favor of defendants and against plaintiffs, together with reasonable attorneys' fees and costs.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants are entitled to absolute and/or qualified and/or statutory immunity.

## THIRD AFFIRMATIVE DEFENSE

Defendants assert the defense of qualified immunity as articulated in Harlow v. Fitzgerald, 57 U.S. 800 (1982) and subsequent decisions.

## FOURTH AFFIRMATIVE DEFENSE

No action or conduct of defendants violated any clearly established statutory or constitutional rights of which a reasonable person would have known and, therefore, defendants did not violate any constitutional right of plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Defendants did not violate any clearly established law at any time and acted in a manner which was proper, reasonable and lawful under the exercise of good faith and, as such, enjoy not only absolute and qualified immunity, but also the right not to go to trial.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' arrests were objectively reasonable and based upon probable cause.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants assert all defenses available to them under the Civil Rights Act of 1871.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants assert that even if it is determined that they acted negligently or violated clearly established law, which is denied, they remain immune from the imposition of damages pursuant to <u>Daniels v. Williams</u>, 106 S. Ct. 662 (1986) and <u>Davidson v. Cannon,</u> 106 S. Ct. 668 (1986).

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to attorneys fees and/or costs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to compensatory damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

No conduct alleged by plaintiffs to have been undertaken by defendants proximately caused or resulted in any of plaintiffs' alleged harm.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the County and Municipal Tort Claims Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and/or damages, if any, were caused by their own conduct, including their own negligence and assumption of the risk, and not in any way by any conduct on the part of defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead additional affirmative defenses.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
KEVIN J. CONNORS, ESQ.
DE Bar ID: 2135
1220 North Market Street, 5th Fl.
P.O. Box 8888
Wilmington, DE 19899-8888
Attorney for Defendants,
Town of Dewey Beach, Samuel Mackert,
Patrolman Zachary Pettyjohn
and Patrolman John Wheatley

DATED: September 27, 2004
\15_A\LIAB\KJC\LLPG\240622\LAS\13061\00368