**EXHIBIT L**

LEXSEE 1990 DEL LEXIS 340

GERTRUDE MEGENHARDT, Appellant, v. DOROTHY NOLAN, Appellee

No. 216, 1990

Supreme Court of Delaware

*1990 Del. LEXIS 340*

September 28, 1990, Submitted
October 18, 1990, Decided

**NOTICE:** THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Released for Publication November 7, 1990 Mandate.

**PRIOR HISTORY:** [*1]

Court Below: Superior Court of the State of Delaware in and for Sussex County C.A. No. 88C-AU-38.

**JUDGES:**

Moore, Joseph T. Walsh, and Holland, Justices.

**OPINIONBY:**

WALSH

**OPINION:**

ORDER

This 18th day of October, 1990, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears that:

(1) This is an appeal from the granting of a directed verdict in the Superior Court at the conclusion of the plaintiff's evidence in a malicious prosecution action. Appellant, Gertrude Megenhardt ("Megenhardt"), brought the action for malicious prosecution against the appellee, Dorothy Nolan ("Nolan"), as the result of Megenhardt's arrest on a felony theft charge. In December of 1987, Nolan reported to the Delaware State Police the theft of several personal items from a storage shed she rented at the U-Store facility in Rehoboth, Delaware. Nolan told the police she suspected Megenhardt, her former housekeeper, as a participant in the theft. The police then questioned the operator of the U-Store facility who reported seeing a man and a woman outside the shed rented by Nolan. Based on information supplied by Nolan and an independent investigation conducted [*2] by the police, the investigating officer secured a warrant for Megenhardt's arrest from a Justice of the Peace. Subsequently, the Attorney General filed an Information in the Superior Court charging Megenhardt with felony theft. The day before the scheduled trial date the Attorney General terminated the prosecution by a Nolle Prosequi. Megenhardt then initiated a malicious prosecution action in the Superior Court against Nolan.

At trial, a series of witnesses testified as to Megenhardt's good character. The only evidence concerning Megenhardt's claim of malicious prosecution consisted of Megenhardt's denial of any involvement in the theft. As part of her case, plaintiff entered as an exhibit the affidavit executed by the arresting officer and presented to the Justice of the Peace which set forth his investigation including Nolan's accusation against Megenhardt. At the close of the plaintiff's case, the defendant moved for a directed verdict. The trial court ruled that Megenhardt, as a matter of law, had failed to present sufficient evidence to support her claim. Megenhardt now appeals the granting of the motion for a directed verdict.

(2) There are six elements in an action for malicious [*3] prosecution. *Stidham v. Diamond State Brewery*, Del. Super., 21 A.2d 283, 284 (1941); see also *Brown v. Cluley*, Del. Super., 179 A.2d 93 (1962).

(1) There must have been a prior institution or continuation of . . . [a criminal] proceeding against the plaintiff. . . .

(2) Such former proceedings must have been by, or at the instance of the defendant in [the] action for malicious prosecution.

(3) The former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution.

(4) There must have been malice in instituting the former proceedings.

(5) There must have been want of probable cause for the institution of the former proceedings.

(6) There must have been injury or damage resulting to the plaintiff from the former proceedings.

*Stidham, 21 A.2d at 289.*

(3) The trial court found three of these elements to be lacking and we agree. First, the criminal proceeding for felony theft was not brought "by, or at the instance of the defendant." Nolan reported the theft to the police and informed the police of her suspicions. The police then conducted an independent investigation into the alleged crime. Based on information [*4] received from Nolan and on information uncovered during the investigation, the police obtained an arrest warrant for Megenhardt. Second, there is no evidence of malice on the part of Nolan, although she apparently was mistaken in her belief that Megenhardt, who accompanied her when Nolan arranged for the storage shed, was implicated in the subsequent theft. In reporting the theft to the police, Nolan reacted reasonably. Finally, there was probable cause for the institution of the criminal proceeding. In the present case, the magistrate issued a warrant for Megenhardt based on information supplied by the police. This is prima facie evidence of probable cause. Megenhardt must then prove that Nolan withheld information from the police or failed to state all material facts. See *Brown, 179 A.2d at 97*. At trial, Megenhardt failed to produce evidence which would show Nolan withheld information or failed to state all material facts. The mere fact that Nolan may have been mistaken in her suspicions does not establish lack of probable cause since the information provided by Nolan was merely part of the mix of information submitted by the police officer to secure the issuance of an arrest [*5] warrant.

(4) Megenhardt also contends that the Superior Court erred in applying a substantial evidence test in granting the motion for a directed verdict. The appropriate test for measuring the quantum of evidence which a plaintiff must produce to successfully resist a motion for a directed verdict is whether under any reasonable view of the evidence the jury could justifiably find in favor of the plaintiff. *Ebersole v. Lowengrub, Del. Supr., 208 A.2d 495 (1965)*. We agree that the trial judge's use of a substantial evidence test was erroneous. We conclude, however, that such error was harmless. Even if the less exacting test of Ebersole is applied, it is clear that plaintiff's evidence, if reasonably viewed, particularly on the issue of probable cause, did not provide a factual basis for all elements of a claim for malicious prosecution.

(5) It is manifest on the face of the appellant's brief that the appeal is without merit because the issues on appeal are clearly controlled by settled Delaware law.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm the judgment of the Superior Court is GRANTED and the judgment of the Superior Court is,

AFFIRMED.